1

```
 1                 IN THE UNITED STATES DISTRICT COURT
                      NORTHERN DISTRICT OF ILLINOIS
 2                          EASTERN DIVISION

 3   GUADALUPE LUNA, Individually    ) Docket No. 17 C 1916
     and as Independent Administrator)
 4   for the Estate of Leonar        )
     Balcazar, Deceased,             )
 5          Plaintiff,               )
                                     ) Chicago, Illinois
 6              vs.                  ) March 16, 2017
                                     ) 9:30 o'clock a.m.
 7   ADVOCATE HEALTH AND HOSPITALS   )
     CORPORATION d/b/a Trinity       )
 8   Hospital, and MISCHAEL J.       )
     ESCOTO, D.O.,                   )
 9          Defendants.              )
     _____)
10   NIKIE PARIKH, M.D.,             )
            Respondent.              )
11
               TRANSCRIPT OF PROCEEDINGS - Emergency Motion
12            BEFORE THE HONORABLE SAMUEL DER-YEGHIAYAN

13   APPEARANCES:
     For the Plaintiff:       KRALOVEC JAMBOIS & SCHWARTZ
14                            BY:  MR. JOSEPH M. CONBOY
                              60 West Washington Street
15                            Fourth Floor
                              Chicago, Illinois  60601
16
     For Defendants
17     Advocate and Escoto:   LOWIS & GELLEN
                              BY:  MR. MARTIN W. McMANAMAN
18                                 MR. VITO M. MASCIOPINTO
                                   MS. LEE A. WILLIAMS
19                            200 West Adams
                              Suite 1900
20                            Chicago, Illinois  60606

21   For Respondent Parikh:   UNITED STATES ATTORNEY'S OFFICE
                              BY:  MR. JAMES M. KUHN
22                            219 South Dearborn Streets
                              Suite 500
23                            Chicago, Illinois  60604

24                 Laura LaCien, CSR, RMR, CRR
                       Official Court Reporter
25             219 South Dearborn Street, Suite 1902
                      Chicago, Illinois  60604
```

```
 1        (The following proceedings were had in open court:)
 2              COURTROOM DEPUTY:  Case number 17 C 1916, Luna
 3   versus Advocate Health and Hospitals Corporation.
 4              MR. KUHN:  Good morning, your Honor.  James Kuhn for
 5   the respondent Dr. Parikh.
 6              THE COURT:  Good morning.
 7              MR. McMANAMAN:  Good morning, Judge.  Martin
 8   McManaman, M-c-M-a-n-a-m-a-n, on behalf of the defendants.
 9              THE COURT:  Good morning.
10              MR. CONBOY:  Joe Conboy on behalf of the
11   plaintiffs.
12              THE COURT:  Good morning.
13              MR. CONBOY:  Good morning.
14              MR. MASCIOPINTO:  Vito Masciopinto and Lee Williams
15   both also on behalf of defendants.
16              THE COURT:  I like individual identifications,
17   please.
18              MS. WILLIAMS:  Lee Williams on behalf of the
19   defendants.
20              THE COURT:  Thank you.
21              MR. McMANAMAN:  Judge, we're here today because I
22   called over and requested that the motion that I filed
23   earlier this week and noticed up for next Tuesday the 21st be
24   heard earlier.
25              THE COURT:  Be heard earlier, yes.
```

| | |
|---|---|
| 1 | MR. McMANAMAN: So, first of all, I want to say |
| 2 | thanks. |
| 3 | THE COURT: I understand there's a trial next week |
| 4 | in state court. |
| 5 | MR. McMANAMAN: It's actually happening right now, |
| 6 | Judge. |
| 7 | THE COURT: Okay. |
| 8 | MR. McMANAMAN: It's -- the issue comes from a trial |
| 9 | subpoena that was issued in the medical malpractice action |
| 10 | that's pending in state court. |
| 11 | THE COURT: Who do you represent in state court? |
| 12 | MR. McMANAMAN: I represent Advocate Health, which |
| 13 | is doing business as Trinity Hospital. |
| 14 | THE COURT: And Advocate Health is a federal -- |
| 15 | MR. McMANAMAN: No. |
| 16 | THE COURT: The doctor is at Advocate? |
| 17 | MR. McMANAMAN: The subpoenaed doctor, Dr. Parikh, |
| 18 | is not a party in the state court case. |
| 19 | THE COURT: I see. It's a third party requested to |
| 20 | testify in state court case? |
| 21 | MR. McMANAMAN: Correct. |
| 22 | MR. KUHN: She was a co-defendant in the state court |
| 23 | case. We earlier removed that and got the -- her, as a |
| 24 | federal employee, dismissed out because they didn't comply |
| 25 | with the administrative process of the -- |

```
 1              THE COURT:  So initially she was a co-defendant but
 2   after you removed as a federal --
 3              MR. KUHN:  Right.
 4              THE COURT:  -- employee, that got basically
 5   dismissed?
 6              MR. KUHN:  Yes; but it's currently -- it's been
 7   refiled here in this court once the administrative process
 8   was completed.  Her actions are -- the United States is the
 9   defendant in a case in front of Judge Leinenweber.
10              THE COURT:  So there's another judge handling that
11   case once you removed it?
12              MR. KUHN:  Yes.
13              THE COURT:  Okay.  I understand that.  But still,
14   there's a subpoena for her testimony in state court?
15              MR. McMANAMAN:  That's correct, Judge, because --
16   and she was subpoenaed because she was the treating physician
17   for the plaintiff's decedent in the state court case.
18              THE COURT:  Okay.  And who subpoenaed her?
19              MR. McMANAMAN:  My clients did.
20              THE COURT:  You did, Advocate?
21              MR. McMANAMAN:  Yes.
22              THE COURT:  Got it.  Okay.  And what's your role?
23              MR. CONBOY:  We're the plaintiffs.  We don't --
24              THE COURT:  You represent Luna?
25              MR. CONBOY:  Yes.
```

```
 1              THE COURT:  In state court?
 2              MR. CONBOY:  In state court and also in front of
 3   Judge Leinenweber.
 4              THE COURT:  Okay.  Got it.  Both, okay, because --
 5              MR. CONBOY:  Correct.
 6              THE COURT:  -- the plaintiff is also plaintiff
 7   before Judge Leinenweber?  Okay.
 8              And you two?
 9              MR. MASCIOPINTO:  We're lead -- I'm lead counsel in
10   the circuit court case proceeding right now before Judge
11   Dooling.
12              THE COURT:  Lead counsel for who?
13              MR. MASCIOPINTO:  For Advocate and Michael Escoto
14   the defendants in the circuit court.
15              THE COURT:  Okay, for Advocate.  And you are
16   co-defendant?
17              MR. WILLIAMS:  His partner.
18              THE COURT:  Got it.  Okay.  Perfect.
19              Right now, the subpoena issued against the doctor in
20   state court basically as a third party in state court
21   proceedings, you're saying.  Correct, Mr. Kuhn?
22              MR. KUHN:  Yes.
23              THE COURT:  Okay.  So what is the basis of
24   government's -- I mean, government removed it obviously
25   because it's a federal employee.
```

```
 1              MR. KUHN:  Right.
 2              THE COURT:  Are you objecting for her testimony?
 3              MR. KUHN:  The agency, the Department of Health and
 4   Human Services has rejected their request pursuant to the
 5   regulations.
 6              THE COURT:  As a recipient of a subpoena, the agency
 7   decided to refuse to comply?
 8              MR. KUHN:  Correct.
 9              THE COURT:  Okay.  And then once they refused to
10   comply, then you are now representing them as to their
11   refusal to comply or --
12              MR. KUHN:  No.
13              THE COURT:  -- you're representing as an employee?
14              MR. KUHN:  Currently, I represent the doctor as a
15   former employee of the Department of Health and Human
16   Services.  After she was subpoenaed, the Department of Health
17   and Human Services, pursuant to the federal regulations,
18   determined that they would not present her for her
19   testimony.
20              THE COURT:  Okay.  There are federal regulations in
21   each department --
22              MR. KUHN:  Yes.
23              THE COURT:  -- to decide whether they're going to
24   comply with a subpoena or not.
25              MR. KUHN:  Right.  Correct.
```

```
 1                THE COURT:  But then it becomes your issue?
 2                MR. KUHN:  Yes.
 3                THE COURT:  Okay.
 4                MR. KUHN:  Advocate moved -- filed an emergency
 5    motion in state court without giving us notice.  The state
 6    court judge compelled her testimony forcing us to remove it
 7    here and we filed a motion --
 8                THE COURT:  I see.  You didn't get notice and then
 9    the state court judge said she must testify.
10                MR. KUHN:  Right.
11                THE COURT:  And then you removed that to federal
12    court.  What is your argument before me?
13                MR. KUHN:  We are seeking to vacate the order to
14    compel her testimony and to dismiss the subpoena proceedings
15    under the Doctrine of derivative jurisdiction, that being
16    this court cannot have any greater jurisdiction than state
17    court over her testimony, which was none.
18                THE COURT:  So the doctrine of derivative
19    jurisdiction says that federal court has no jurisdiction to
20    decide whether she could testify?
21                MR. KUHN:  They have no jurisdiction to enforce the
22    subpoena and therefore --
23                THE COURT:  Who has no jurisdiction?
24                MR. KUHN:  The federal court has no jurisdiction to
25    enforce the subpoena because the state court had no
```

```
 1   jurisdiction to enforce the subpoena.
 2              THE COURT:  I see.  That's the derivative portion
 3   you're arguing?
 4              MR. KUHN:  Right, right.
 5              THE COURT:  So why does the state court not have
 6   jurisdiction to enforce the subpoena?
 7              MR. KUHN:  Because federal law, which is the
 8   regulations issued under the Housekeeping Statute, gives the
 9   HH or the secretary -- the administrator of HHS the power to
10   decide based upon certain limited factors whether or not she
11   would be permitted to testify.  They applied the regulations,
12   denied their request to have her testify.  They can seek
13   review of that but they need to file a separate
14   Administrative Procedure Act case in federal court.
15              THE COURT:  But that didn't happen?
16              MR. KUHN:  That didn't happen, no.  They went to the
17   state court, tried to enforce it.  Our only option is to
18   remove and then have it dismissed.
19              THE COURT:  Without going through the administrative
20   procedures?
21              MR. KUHN:  Right.
22              THE COURT:  Okay.  Counsel?
23              MR. McMANAMAN:  Judge, it's correct that we did not
24   file an APA -- a separate APA claim.  The federal government,
25   or HHS, received notice of the trial subpoena, which was sent
```

1   out in mid February.  Mr. Kuhn is correct, though, that the
2   federal government did not receive notice of the motion to
3   compel based on that subpoena.
4           The argument of the government today, though, is
5   that your Honor has no jurisdiction to decide whether the
6   subpoena should be complied with because the state court had
7   no jurisdiction to decide that issue.
8           THE COURT:  But they're also asking me to vacate the
9   state court compelling the testimony in the first instance.
10          MR. McMANAMAN:  Exactly.  So there's an irony or an
11  internal inconsistency in their position to this court.
12  They're saying we're going to take the case away from the
13  state court and bring it to the federal court.
14          THE COURT:  But they have the right to do so under
15  the statute.  They're required to do so because it's a former
16  federal employee.  And the question before me is once the
17  federal government is involved in a case, what is my
18  authority.
19          The government is right that if this thing came
20  before me to begin with, I wouldn't have jurisdiction either
21  until they complied with the Administrative Procedures Act.
22          MR. McMANAMAN:  That's correct.  But, Judge, we have
23  fulfilled or exhausted our administrative remedies.  We've
24  received a final decision from HHS denying our request.  What
25  happened was, we were approaching the trial date in the state

1 court case while we were waiting for that final decision so
2 there was a -- there was a time crunch that happened.
3 Last Friday, we actually received the letter denying
4 our request to have Dr. Parikh testify at trial. That was
5 the exact same day that the subpoena issue was removed to
6 this case so that demonstrates the closeness in time that all
7 this is happening.
8 So now that we've received the final administrative
9 decision, what the defendants have proposed to the court in
10 the motion that I filed earlier this week is that even though
11 this -- the removal is the way that this case got to federal
12 court rather than defendants filing a separate APA claim, now
13 that we're before your Honor, we can -- and we have exhausted
14 administrative remedies, we can cut to the chase, so to
15 speak, and get the issue resolved one way or the other of
16 whether the agency decision should be upheld or whether it
17 should be reversed so that we know whether this witness can
18 testify in the state court trial.
19 THE COURT: Okay. You're trying to pass one step to
20 get to the conclusion because of the situation, there's a
21 trial ongoing, basically.
22 MR. McMANAMAN: Correct. And there's other courts
23 that have encountered a similar set of circumstances; and
24 based on principles of judicial efficiency and economy of
25 resources, those courts have said, fine, we'll hear the issue

1  on the merits so that the parties know whether this person is
2  going to testify or not.
3           THE COURT:  Okay.  You know, courts may exercise
4  certain discretionary determinations and made those
5  consistent with the facts in each case.  In this case,
6  Mr. Kuhn, obviously they didn't go through the procedure.
7  Your view about what the counsel is proposing about rule on
8  the merits without us going through the procedure because of
9  the situation that there's an ongoing litigation in state
10 court?
11          MR. KUHN:  Well, our office's policy is that once
12 it's removed, there's no jurisdiction here and, therefore, it
13 would be improper for --
14          THE COURT:  As long as they didn't go through the
15 procedures.
16          MR. KUHN:  Right.  They should have come here first.
17 They went to the state court and tried to do an end-run.
18 They shouldn't be rewarded for that and this lacking
19 subject-matter jurisdiction I don't think the Court has the
20 authority to do that.
21          THE COURT:  Yeah.  We are sticklers to jurisdiction,
22 counsel, in this district.  We have to address always -- you
23 could go ask Judge Easterbrook, he'll tell you that
24 jurisdiction issue needs to be addressed first.  If I don't
25 have jurisdiction, you're asking me to exercise discretion to

1  exercise jurisdiction and I don't know if that's do-able
2  based on the facts of this case.
3          MR. McMANAMAN: Judge, our position is that our case
4  is very similar to a case that recently arose in the district
5  court in Florida. And in that case, the party -- the parties
6  did not agree to allow the trial court -- the parties seeking
7  to have the trial court testimony have jurisdiction in front
8  of the federal court and the federal court looked at it and
9  said based on the policy interests, you know, having a
10 separate -- making that party go back to square one, file the
11 APA claim just as a separate document was really form over
12 substance. And since the issue was teed up in front of the
13 judge, it was going to be teed up at one point or another
14 anyway; but by doing it the way on an accelerated basis and
15 taking jurisdiction over that APA claim, then at least the
16 parties could receive the benefit of a judicial ruling on the
17 propriety of the agency decision before it was too late and
18 essentially the decision became moot.
19          THE COURT: I understand you're talking about
20 practicality and, you know, I try to be practical in many
21 regards relating to cases before me but I'm also fully aware
22 of the Seventh Circuit's admonition about jurisdiction and
23 I'm going to, based on all the facts, vacate the circuit
24 court's order compelling the testimony and I will agree with
25 the government that I do not have the jurisdiction at this

```
 1  time to do anything further in this case.  That's the
 2  decision of the Court.
 3          MR. KUHN:  Thank you, your Honor.
 4          THE COURT:  Thank you.
 5          MR. McMANAMAN:  Thank you, Judge.
 6          THE COURT:  Thanks.
 7     (Which concluded the proceedings in the above-entitled
 8  matter.)
 9                    C E R T I F I C A T E
10          I hereby certify that the foregoing is a transcript
11  of proceedings before the Honorable Samuel Der-Yeghiayan on
12  March 16, 2017.
13
14  /s/Laura LaCien
    _____             March 17, 2017
15  Laura LaCien                              Date
    Official Court Reporter
16
```